UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DENNIS ELIJAH JEMISON,**

      **Plaintiff,**

  v.

**RODNEY MCMILLEN, et al.,**

      **Defendants.**

Case No. 1:24-cv-197

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

## ORDER

Before the Court is Magistrate Judge Litkovitz's July 12, 2024, Report and Recommendation (R&R, Doc. 7), which recommends that the Court dismiss Plaintiff Dennis Elijah Jemison's Complaint (Doc. 5) for failure to prosecute. For the reasons stated briefly below, the Court **ADOPTS** the R&R (Doc. 7) and accordingly **DISMISSES** Jemison's Complaint (Doc. 5) **WITHOUT PREJUDICE**.

On April 10, 2024, Jemison moved for leave to proceed in forma pauperis (IFP) to file a suit against Defendants Kroger Company, Rodney McMillen, and Clay Richards for alleged violations of the Civil Rights Act of 1964. (Doc. 1). On April 25, 2024, the Magistrate Judge granted his IFP motion, (Doc. 4), and his Complaint was filed on the docket the same day, (Doc. 5). In that Order, the Magistrate Judge also directed Jemison to complete a summons form and a U.S. Marshal form as well as to provide the Court with copies of his Complaint within thirty days so that Defendants could be served. (Doc. 4, #12). Jemison did not take any action within the thirty-day timeframe the Magistrate Judge set. So, on June 14, 2024, the Magistrate Judge ordered Jemison to show cause why his case should not be dismissed for a failure to

prosecute within fifteen days. (Doc. 6, #17–18). After nearly thirty days passed without word from Jemison, on July 12, 2024, the Magistrate Judge issued the R&R recommending dismissal for failure to prosecute. (Doc. 7, #19–20).

The R&R also advised Jemison that failing to object within fourteen days could result in a forfeiture of his right to the Court's de novo review of the R&R as well as his right to appeal this decision. (*Id.* at #21). *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Accordingly, Jemison needed to object by July 26, 2024. The time for objecting has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and has determined that it does not contain any "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Because Jemison failed to obey the Magistrate Judge's order directing him to file specific documents necessary to perfect service on Defendants and has not otherwise prosecuted this matter, the Magistrate Judge recommended dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 7, #19–20). Akin to his radio silence after being granted leave to proceed IFP, Jemison has taken no

further action since the Magistrate Judge issued the R&R. Based on this record, the Court finds no clear error in the Magistrate Judge's recommendation. Jemison had notice, via the Magistrate Judge's Order to Show Cause, (Doc. 6, #17–18), that he could face a dismissal if he continued in his failure to prosecute this case. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). And his disregard for the deadline set forth in that order constitutes bad faith conduct. *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) ("[A] case is properly dismissed … where there is a clear record of delay or contumacious conduct." (citation omitted)). Moreover, as courts have recognized in other cases with analogous postures, "no alternative sanction [to dismissal] would protect the integrity of the pretrial process." *E.g.*, *Anderson v. Comm'r of Soc. Sec.*, No. 2:13-cv-867, 2013 WL 6330758, at *2 (S.D. Ohio Dec. 5, 2013). So the Magistrate Judge did not clearly err in determining that this case warrants a sua sponte dismissal under Federal Rule of Civil Procedure 41(b).

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 7) and **DISMISSES WITHOUT PREJUDICE** Jemison's Complaint (Doc. 5). The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

    **SO ORDERED.**

August 19, 2024
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**